FILED
SUPERIOR COURT
OF GUAM

2020 APR 24 PM 3: 29

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BELINDA ANN SNYDER,<br><br>                Plaintiff,<br><br>    vs.<br><br>GEORGE FELIX MAFNAS SANTOS,<br><br>                Defendant. | CIVIL CASE NO. CV1692-10<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 6, 2020, for Evidentiary Hearing on Plaintiff Belinda Ann Snyder's ("Plaintiff") Motion for Order to Show Cause re Contempt. Present were Plaintiff with counsel, Daniel S. Somerfleck, and Defendant George Felix Mafnas Santos ("Defendant") with counsel, Michael F. Phillips. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Plaintiff's Motion for Order to Show Cause re Contempt.

### BACKGROUND

This matter involves a restraining order between the parties who live on the same family compound. Plaintiff alleges that Defendant should be held in contempt of court because he violated the following provision of the restraining order:

> In the family compound, Defendant shall stay away from Plaintiff and Plaintiff's residence as agreed to and described on the parties Mediation Agreement attached hereto.

*Snyder vs. Santos*
Case No. CV1692-10
Decision and Order

Page 1 of 3

(Mot. OSC at 2, Aug. 5, 2019). Specifically, Plaintiff alleges that (1) "Defendant located a container within the boundary he was excluded by this court" and (2) "On or about the morning of July 12, 2019, while at [her] residence, [she] witnessed the Defendant entering the area around [her] residence and was within the boundary line of the GPA power pole at the south end of the property. Upon entering [her] property, Defendant remained on the property and engaged in conversation with one of [her] relatives having no concern." (Decl. of Plaintiff, Jul. 31, 2019).

On September 16, 2019, Defendant filed a Declaration denying that he violated the Court's order. (Decl. of George F. Santos, Sep. 16, 2019). Defendant states that he "never intended to cross any of Ms. Snyder's boundaries at the time or day in question," and that he does "not own the container Ms. Snyder refers to nor did [he] direct Bruce Santos to place his container in the area wherein the Court prohibits [him] from entering." *Id.* at 4.

On February 6, 2020,[1] the Court heard sworn testimony from Plaintiff and Defendant on this issue. Photographs and video were also admitted into evidence for the Court's review. The parties were then given leave to submit proposed findings of fact and conclusions of law based on the evidence that came forward. On February 28, 2020, both parties submitted their proposed findings of fact and conclusions of law. The Court subsequently placed the matter under advisement.

## DISCUSSION

The elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order. *See Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15, overruled on other grounds in *Paguio v. Paguio*, 2014 Guam 36. Here, there is no dispute that there is a valid order, Defendant had knowledge of the order, and Defendant had ability to comply with the order. *See* Plt. Proposed FFCL, Feb. 28, 2020; Def. Proposed FFCL, Feb. 28, 2020. What is at issue is whether it is clear and convincing that Defendant *willfully failed* to comply with the order.

---

[1] The matter was initially set for a Status Hearing in September 2019. Several hearings that followed were rescheduled either at the request of the parties or due to conflicts with the Court's calendar.

*Snyder vs. Santos*
Case No. CV1692-10
Decision and Order

Page 2 of 3

The first violation alleged by Plaintiff is that Defendant placed a container on her property. Defendant testified that he does not own the container at issue. The container is owned and was placed by Bruce Santos. At the hearing, the Court was informed that there are two containers on the family compound, one owned by Plaintiff, and the second owned by Bruce Santos. The container owned by Bruce Santos is approximately three house lots down from Plaintiff's residence and is not the container nearest to Plaintiff's house. The photos and video presented do not clearly show the container at issue – Plaintiff's container blocks any view of the area. There is insufficient evidence to clearly and convincingly conclude that the container is placed on Plaintiff's property, or that Defendant willfully caused the container to be placed there in violation of the Court order.

The second violation alleged by Plaintiff is that Defendant crossed the boundary line and remained there without concern to speak to relatives on or about July 12, 2019. Defendant explained that the relatives he spoke to were his grandnephew, who he met for the first time that day, and his older sister who he had not seen in many years. The photos and video presented do not clearly demonstrate that Defendant ventured onto her prohibited property. Even if Defendant accidentally crossed Plaintiff's boundary line, the Court finds that such crossing was unintentional and not to harass or disturb the peace of Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Order to Show Cause.

**IT IS SO ORDERED** this 24th day of April, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*Snyder vs. Santos*
Case No. CV1692-10
Decision and Order

Page 3 of 3